## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## MEMPHIS DIVISION

**THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A.,** as indenture trustee,

        **Plaintiff,**

v.

**GMF-WARREN/TULANE, LLC,** a Tennessee limited liability company; and **LEDIC REALTY COMPANY, LLC,** a Tennessee limited liability company,

        **Defendants**

Civil Action No.: 2:16-cv-02310

___

### ANSWER TO THE VERIFIED COMPLAINT
___

**COMES NOW**, Defendant, LEDIC MANAGEMENT GROUP, LLC, incorrectly named as LEDIC REALTY COMPANY, LLC, ("Manager") and responds to the Verified Complaint for Money Damages and Appointment of Receiver.

### NATURE OF THE ACTION

1. Admitted.

2. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 2 of the Complaint.

3. Admitted.

4. Manager admits that the Trustee seeks those matters alleged in paragraph 4 of the Complaint.

### PARTIES, JURISDICTION, AND VENUE

5. Admitted.

6. Admitted.

7. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 7 of the Complaint.

8. Admitted.

9. Admitted.

10. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint.

11. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 11 of the Complaint.

12. Admitted.

13. Admitted.

14. Admitted.

15. Manager admits that its business address is as set forth in paragraph 15 of the Complaint, but avers that it may be served through the registered agent set forth in paragraph 13 of the Complaint.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

## FACTUAL BACKGROUND

I.  The Indenture and Bonds.

20. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 20 of the Complaint.

21. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 21 of the Complaint.

22. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 22 of the Complaint.

23. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 23 of the Complaint.

24. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 24 of the Complaint.

II.   The Loan, Loan Agreement, and Related Documents.

25. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 25 of the Complaint.

26. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 26 of the Complaint.

27. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 27 of the Complaint.

28. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 28 of the Complaint.

29. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 29 of the Complaint.

30. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

31. The referenced Note is the best evidence of the terms and conditions and, therefore, "speaks for itself".

32. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

33. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

34. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

35. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

III. <u>The Deed of Trust.</u>

36. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 36 of the Complaint.

37. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 37 of the Complaint.

38. The referenced Deed of Trust is the best evidence of the terms and conditions and, therefore, "speaks for itself".

39. The referenced Deed of Trust is the best evidence of the terms and conditions and, therefore, "speaks for itself".

40. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 40 of the Complaint.

41. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 41 of the Complaint.

42. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

43. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 43 of the Complaint.

IV. <u>The Regulatory Agreement.</u>

44. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 44 of the Complaint.

45. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 45 of the Complaint.

46. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

47. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

V. <u>The Housing Assistance Payments Contracts.</u>

48. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 48 of the Complaint.

49. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 49 of the Complaint.

50. The referenced HAP Assignment is the best evidence of the terms and conditions and, therefore, "speaks for itself".

51. The referenced HAP Assignment is the best evidence of the terms and conditions and, therefore, "speaks for itself".

VI. <u>The Collateral Assignment of Management Contract.</u>

52. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 52 of the Complaint.

53. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 53 of the Complaint.

54. The referenced Collateral Assignment is the best evidence of the terms and conditions and, therefore, "speaks for itself".

VII. <u>Perfection of the Trustee's Interests.</u>

55. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 55 of the Complaint.

56. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 56 of the Complaint.

COUNT I – BREACH OF CONTRACT

(Abatement of the HAP Contracts)

57. Admitted.

58. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

59. The referenced HAP Assignment is the best evidence of the terms and conditions and, therefore, "speaks for itself".

60. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 60 of the Complaint.

61. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 61 of the Complaint.

62. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 62 of the Complaint.

63. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 63 of the Complaint.

64. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 64 of the Complaint.

65. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 65 of the Complaint.  The referenced HAP Assignment is the best evidence of the terms and conditions and, therefore, "speaks for itself".

66. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 66 of the Complaint.

67. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 67 of the Complaint.

68. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 68 of the Complaint.

69. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 69 of the Complaint.

70. Manager does not have sufficient information to admit or deny the allegations contained in paragraph 70 of the Complaint.

COUNT II – BREACH OF CONTRACT

(Failure to Pay Insurance Proceeds to the Trustee)

Count II, including Paragraphs 71 through 82 has been dismissed with prejudice.

## COUNT III – BREACH OF CONTRACT

(Diversion of Project Revenues)

83. Admitted.

84. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself".

85. –Denied as to the Manager

86. –HUD has provided Manager, on behalf of the properties, funds designated by HUD as "miscellaneous accounting request" to pay vendors. The remaining allegations of paragraph 86 of Complaint are denied as they may relate to Manager.

87. –Denied as to the Manager

88. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 88 of the Complaint.

89. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 89 of the Complaint.

90. The referenced Loan Agreement is the best evidence of the terms and conditions and, therefore, "speaks for itself". This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 90 of the Complaint.

91. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 91 of the Complaint.

## COUNT IV – APPOINTMENT OF A RECEIVER

92. Admitted.

93. Admitted.

94. The referenced Deed of Trust is the best evidence of the terms and conditions and, therefore, "speaks for itself".

95. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 95 of the Complaint.

96. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 96 of the Complaint.

97. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 97 of the Complaint.

98. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 98 of the Complaint.

99. The referenced HUD Abatement Notice, as of January 25 and 26, 2016, is the best evidence of the terms and conditions and, therefore, "speaks for itself". The Defendant denies the remaining allegations of paragraph 99 of the Complaint.

100. The referenced HUD Abatement Notice is the best evidence of the terms and conditions and, therefore, "speaks for itself".

101. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 101 of the Complaint.

102. The referenced HAP Contracts are the best evidence of the terms and conditions and, therefore, "speaks for itself". This Defendant admits what HUD has indicated as stated in paragraph 102 of the Complaint

103. Admitted. Shelby County and additional authorities require vacant accessible units be boarded to prevent vandalism.

104. Denied. – Tulane Apartments were appropriately staffed until the transition of May 23, 2016.

105. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 105 of the Complaint.

106. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 106 of the Complaint.

107. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 107 of the Complaint.

108. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 108 of the Complaint.

109. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 109 of the Complaint.

110. Admitted.

111. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 111 of the Complaint.

112. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 112 of the Complaint.

113. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 113 of the Complaint.

114. Admitted.

## COUNT V – INJUNCTIVE RELIEF

(In Aid of the Receiver)

115. Admitted.

116. This Defendant acknowledges the Trustee's request.

117. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 117 of the Complaint.

118. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 118 of the Complaint.

119. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 119 of the Complaint.

120. This Defendant does not have sufficient information to admit or deny the allegations contained in paragraph 120 of the Complaint.

121. Manager admits that the Trustee demands judgment against the borrower relative to those matters set forth in Paragraph 121 of the Verified Complaint.

Manager affirmatively avers that it has complied with all reasonable request from the Trustee, Receiver, Issuer and HUD.

Manager further avers that it is entitled to recover amounts, if any, for service or funds advanced by Manager.

All allegations not hereinabove specially admitted are here and now denied.

PRAYER

WHEREFORE, Manager prays that the Complaint filed against it be dismissed.

Respectfully submitted,

**GLANKLER BROWN, PLLC**
6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
(901) 525-1322

By: /s/John I. Houseal, Jr.
     John I. Houseal, Jr.,      #8449

## CERTIFICATE OF SERVICE

    I hereby certify that on June 28th, 2016, a copy of the foregoing Answer was electronically filed with the Clerk of the Court by use of the CM/ECF system, which will send notice of electronic filing to all parties receiving electronic notice.

                                                 /s/John I. Houseal, Jr._____

4818-5511-9154, v.  5